# GOLDBERG RIMBERG & WEG PLLC

115 Broadway, Suite 302
New York, New York 10006
Tel: 212-697-3250
Fax: 212-227-4533

December 5, 2016

**Via ECF:**
Hon. Brian M. Cogan
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Chambers Room 1230
Brooklyn, New York 11201

      Re:    *FUJIFILM NORTH AMERICA CORP. v. ABESONS CORP., et al.*,
            No. 16-cv-5677 (BMC)

Dear Judge Cogan:

      We represent three of the defendants, Big Value Inc., F&E Trading LLC, and Gadget Circuit LLC (the "BFG Defendants"), in the above-referenced action. Pursuant to Your Honor's Individual Practices and Rules, we write to request a pre-motion conference for the BFG Defendants' motion to dismiss the Complaint. Plaintiff FUJIFILM North America Corporation's ("FNAC") Complaint should be dismissed as to each of the BFG Defendants for failure to properly serve any of the BFG Defendants, and additionally as to F&E Trading LLC ("F&E") for failure to state a claim.

### **Defendants' Prospective Motion to Dismiss**

**1)  Improper Service as to the BFG Defendants**

      The Complaint should be dismissed as to the BFG Defendants because it was not served properly. FRCP 12(b)(5) permits dismissal of a complaint for insufficient service of process. "In deciding a Rule 12(b)(5) motion, '[a] court looks to materials outside of the pleadings in determining whether service of process has been insufficient.'" *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 594 (E.D.N.Y. 2013) (citation omitted). Moreover, once "a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Id*.

      Under FRCP 4(h), a company may be served by delivering the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process …." Fed. R. Civ. P. 4(h)(1)(B). This also applies to limited liability companies. *See Jordan*, 928 F. Supp. 2d at 594-95. A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e), 4(h)(1)(A).

Under New York law, a plaintiff must deliver process into the hands of a member, manager, or one of the LLC's authorized representatives or agents. *See* CPLR 311-a; *Ciafone v. Queens Ctr. for Rehab. & Residential Healthcare*, 5 N.Y.S.3d 462, 464 (2d Dep't 2015) (dismissing complaint against LLC for lack of jurisdiction when plaintiff delivered process to employee at defendant's security desk). Similarly, "[s]ervice on a corporation … requires delivery to a high-level employee of a corporate defendant— someone 'who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise.'" *Lopez v. Yossi's Heimishe Bakery Inc.*, 2015 WL 1469619, at *4 (E.D.N.Y. Mar. 30, 2015) (citation omitted).

In addition, New Jersey, where the purported service here was made, requires that service on an LLC be made on an officer or managing agent of the company. *See* N.J. Ct. R. 4:4-4(a)(5); *Erwin v. Waller Capital Partners, LLC*, 2010 WL 4053553, at *5 (D.N.J. Oct. 14, 2010) (applying N.J. Ct. R. 4:4-4(a)(5) to an LLC). Service on a corporation must also be made on an officer, director, or other high level employee of the company. *See* N.J. Ct. R. 4:4-4(a)(6); *Washington v. Township of Hillside City Council*, 2008 WL 2683360, at *17-18 (D.N.J. July 2, 2008).

Here, FNAC filed three boilerplate affidavits from a process server claiming that he served each of the BFG Defendants by "personally delivering and leaving the same with JESSICA VASQUEZ, who informed deponent that she is a Receptionist and is authorized to receive service at that address."

As the process server states, Ms. Vasquez is a receptionist; not a high level employee of any of those companies. However, contrary to those affidavits, Ms. Vasquez is not an agent authorized to accept service on behalf of any of the BFG Defendants, nor did she state to the process server that she was so authorized. Accordingly, the Complaint should be dismissed as to the BFG Defendants for improper service.

**2) Failure to State a Claim as to F&E**

FNAC alleges in its Complaint that on information and belief, "Defendants" (which FNAC improperly defines to mean all named defendants) have sold, without FNAC's authorization, "gray market" cameras which physically and materially differ from such products authorized for import and sale in the United States. FNAC claims that Defendants' conduct constitutes trademark infringement and unfair competition. Notably, FNAC does not allege that any of the Defendants are selling fake FUJIFILM goods, or goods bearing the FUJIFILM trademark that were not manufactured by FUJIFILM Corporation.

However, FNAC has alleged nothing at all as to F&E, other than that "[o]n information and belief, Defendant F&E TRADING LLC is a New Jersey limited liability company with a principal place of business at 245 Belmont Drive, Somerset, NJ 08873. On information and belief, Defendant F&E TRADING LLC is affiliated with Defendants AVIS SALES CORP., GADGET CIRCUIT LLC and LE RELIABLE TRADING." (Complaint ¶ 7.) The only other times F&E is even mentioned in the Complaint are in the caption and in other instances where FNAC reiterates its conclusory allegations that F&E

is affiliated with some of the other Defendants.  (*Id*. ¶¶ 8, 34, 38.)  First of all, conclusory allegations such as these are insufficient to plead a claim.  Moreover, even assuming *arguendo*, for purposes of a motion to dismiss, that FNAC's allegations are true, FNAC has only alleged that F&E is affiliated with other Defendants – it has not alleged that F&E has infringed any trademarks or committed any wrong.  This is clearly insufficient to state a claim against F&E as a matter of law.

FNAC improperly groups all of the named defendants together by defining them all as "Defendants" (Complaint at p. 2) and then alleging throughout that "Defendants" engaged in purportedly impermissible conduct, but such group pleading is insufficient to state a claim against any particular defendant, such as F&E, as a matter of law.  *See In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016) ("Mere generalizations as to any particular defendant—or even defendants as a group—are insufficient …. The fact that two separate legal entities may have a corporate affiliation … does not alter this pleading requirement. Nor is it sufficient for plaintiffs to simply state in conclusory terms that separate legal entities are 'sometimes collectively referred to' by a shared generic name.")(citation omitted); *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *29-30 (E.D.N.Y. Sept. 22, 2015) (dismissing two of the defendants where the complaint "refer[ed] to all three Defendants collectively using 'group pleading' and fail[ed] to allege any particularized basis for naming either" of those two defendants); *Amiron Dev. Corp. v. Sytner*, 2013 WL 1332725, at *5 (E.D.N.Y. Mar. 29, 2013) ("the Complaint occasionally refers to actions taken by Defendants collectively …. [S]uch 'group pleading' fails to give each defendant fair notice of the claims against it,' … and, thus, fails to satisfy … the notice-pleading requirements of Rule 8.")(citations omitted); *Automated Transaction LLC v. New York Community Bank*, 2013 WL 992423, at *4 (E.D.N.Y. Mar. 13, 2013) (dismissing patent infringement claim where the complaint impermissibly used "'group pleading'—i.e., referring to both Defendants collectively as 'Community' rather than distinguishing between them," which is "impermissible and insufficient under … Rule 8.")(citations omitted).  Here too, FNAC's pervasive use of group pleading in the Complaint by defining "Defendants" to encompass all named defendants fails to give F&E fair notice of the claims against it, and thus fails to satisfy Fed. R. Civ. P. 8.  Accordingly, the claims against F&E should be dismissed.

### Conclusion

For the reasons set forth above, it is respectfully requested that the Court schedule a pre-motion conference and permit Defendants to move to dismiss the Complaint.

          Respectfully submitted,

           /s/ Steven E. Frankel
          Steven E. Frankel

cc:  All Counsel (*via ECF*)