# Exhibit 1

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter the "Agreement") is entered into and made effective as of the last date of the signatures below (hereinafter "Effective Date"), by and between (i) FUJIFILM North America Corporation, a New York corporation having its principal place of business located at 200 Summit Lake Drive, Valhalla, NY 10595 ("FNAC") and (ii) F&E Trading LLC, a New Jersey limited liability company with a principal place of business at 50 Atrium Drive, Somerset, NJ 08873, Big Value Inc., a New Jersey corporation with a principal place of business at 50 Atrium Drive, Somerset, NJ 08873 and Gadget Circuit LLC, a New Jersey limited liability company with a principal place of business at 50 Atrium Drive, Somerset, NJ 08873 (collectively "BFG"); each of FNAC and BFG individually a "Party" and/or collectively the "Parties".

**WHEREAS**, FNAC filed a Complaint in Civil Action No. 1:16-cv-05677 against BFG and other defendants (the "Action"), under the United States Lanham Act, 15 U.S.C.§§ 1051 et seq. (as amended) and New York common law; and

**WHEREAS**, FNAC and BFG wish to amicably settle this dispute between them and release the claims asserted in the Action upon the terms and conditions stated below;

**NOW THEREFORE**, in consideration of the foregoing, the mutual covenants, representations, promises, terms, conditions and considerations set forth hereinafter, the receipt and sufficiency of which is hereby acknowledged, accepted and confirmed, and intending to be bound, the Parties agree as follows:

1.      The District Court for the Eastern District of New York has personal jurisdiction over the Parties and subject matter jurisdiction over the Action.

2.      BFG acknowledges that (a) FNAC, an indirect wholly-owned subsidiary of FUJIFILM Corporation, has alleged that it is the sole lawful importer into the United States

of, *inter alia*, digital imaging and instant camera products bearing the federally-registered "Fujifilm" and "Instax" marks and/or logos (hereinafter the "Fujifilm Marks"); (b) FNAC has alleged that it possesses a broad license from FUJIFILM Corporation, the owner of the Fujifilm Marks, to use and administer the Fujifilm Marks in the United States and to market and sell high-quality Fujifilm and Instax products in this country; and (c) as such, FNAC is authorized to prevent the unlawful use, exploitation and/or infringement of the Fujifilm Marks in the United States.

3.      FNAC has alleged that BFG has marketed, advertised, promoted, offered for sale and/or sold in the United States products bearing the Fujifilm Marks that FNAC alleges are intended for sale only outside of the United States.

4.      In consideration of the terms of this Settlement Agreement and without admitting any liability, BFG, on behalf of itself and its now or hereafter principals, owners, officers, directors, any companies or entities now or hereafter owned by Albert Houllou, agents, members, employees, representatives, servants, parents, subsidiaries, affiliates, partners, successors, heirs, executors, and assigns, hereby agrees that neither they, nor anyone acting in concert or participation with them, will import, market, distribute, buy, offer for sale, sell and/or promote any Fujifilm-branded or Instax-branded products, including but not limited to cameras and film, that:

- Lack Fujifilm warranties which are effective and enforceable in the United States;

- Include packaging identifying the products as targeted to foreign markets;

- Include packaging lacking informational disclaimers and other information intended for United States consumers;

2

- Lack UPC and other codes identifying the products as intended for sale in the United States; and/or

- Include accessories which are not intended, optimized, or certified for safe use in the United States.

(hereinafter "Gray Market Products").

5.      BFG agrees that it and its now or hereafter parents, subsidiaries, affiliates, shareholders, members, principals, owners, directors, any companies or entities now or hereafter owned by Albert Houllou, employees, officers, agents, successors, and assigns, all those acting in concert or participation with any such parties (including without limitation any consultants, contractors or service providers acting at the direction of any such parties) shall source all Fujifilm-branded and/or Instax-branded products, including but not limited to cameras and film, from FNAC or one of its authorized distributors, or as otherwise expressly permitted by FNAC. FNAC agrees in good faith that it and/or its authorized distributors will supply BFG with such products, pursuant to a separate distribution agreement to be entered into by the Parties, and that FNAC will use reasonable commercial efforts to perform under the distribution agreement in good faith. F&E Trading LLC acknowledges that, as an authorized distributor of Fujifilm-branded and/or Instax-branded product, it will be subject to FNAC's applicable Unilateral MAP Policies and Authorized Distributor Agreement and that any dealers to whom F&E Trading LLC distributes Fujifilm-branded and/or Instax-branded products, including but not limited to Big Value Inc., Gadget Circuit LLC, 6th Avenue Express LLC and HHGregg LLC, will be subject to FNAC's applicable Unilateral MAP Policies and Unilateral Dealer Policy relating to X Series Cameras, Lenses and Accessories, as such documents may be updated from time to time.

6. BFG represents and warrants that (i) it has, to the best of its ability, identified

and disclosed to FNAC the total and complete inventory of Fujifilm-branded and Instax-branded products in BFG's, its parent's, subsidiary and affiliate companies', and their agents' and service providers' (including without limitation any third party storage facilities or warehouses) possession, custody or control as of the Effective Date (the "Inventory"), and (ii) neither it nor any parent, subsidiary, or affiliate has any open orders, shipments, or imports of Gray Market Products.  In the event that BFG locates, discovers and/or identifies additional Fujifilm-branded and Instax-branded products in BFG's, its parent's, subsidiary and affiliate companies', and their agents' and service providers' (including without limitation any third party storage facilities or warehouses) possession, custody or control that have not been disclosed to FNAC as of the Effective Date, BFG shall immediately turn over such products to FNAC at BFG's expense. BFG acknowledges and agrees that the foregoing representations are material terms and conditions of this Agreement.

7.     BFG is permitted to sell-through the Gray Market Products remaining in its Inventory through November 30, 2018 (the "Sell-Through Period").  Upon the expiration of the Sell-Through Period, BFG shall (i) immediately cease and permanently discontinue all sales of Gray Market Products in its Inventory, (ii) within two (2) days, at its own expense, turn over and ship, and deliver up to FNAC at a location within 75 miles of New York City, all remaining Gray Market Products in its Inventory, including without limitation any and all labels, product packaging, inserts, advertisements, wrappers, and receptacles related thereto, in its possession and/or in the possession of any parent, subsidiary and/or affiliate companies, and their agents and service providers (including without limitation any third party storage facilities or warehouses).

8.     Within ten (10) days of the Effective Date, BFG shall pay to FNAC, by wire transfer pursuant to instructions provided by FNAC, the amount of fifteen thousand dollars

($15,000.00) as partial consideration for the compromise of the Action pursuant to the terms hereof.

9.      Effective as of the Effective Date of this Agreement, BFG shall maintain complete records of its purchases and sales of all products bearing any of the Fujifilm Marks for a period of three (3) years, and FNAC shall have the right to, itself or via an independent firm, at FNAC's discretion and cost, examine BFG's records of its purchases and sales of all products bearing the Fujifilm Marks upon reasonable notice to BFG.  Any such examination shall occur during normal business hours, no more than four times per calendar year and upon two (2) days' notice from FNAC.

10.     This Agreement is intended in part to limit the future actions of BFG, its now or hereafter principals, owners, officers, directors, any companies or entities now or hereafter owned by Albert Houllou, agents, members, employees, representatives, servants, parents, subsidiaries, affiliates, partners, successors, heirs, executors, and assigns, or any one acting in concert or participation with them either alone or in conjunction with others.  This Agreement is not intended to, and shall not, make BFG liable for or responsible for the acts of wholly unrelated third parties who are not acting as its agents, servants, employees or representatives at the time of any conduct prohibited by this Agreement.

11.     In the event of any uncured (as set forth in Paragraph 14 below) breach of any material term or condition of this Agreement, FNAC shall (i) recover $250,000 in liquidated damages for past harm and shall have the right to pursue its complete legal remedies for breach of this Agreement and for any alleged future infringement, unfair competition or other wrongdoing, including, but not limited to, an injunction, damages, profits, punitive damages, statutory damages, attorneys' fees and costs, and (ii) be entitled to immediately move to enforce

this Agreement and file and seek entry of the attached executed Consent Judgment form attached hereto as Exhibit A, which executed Consent Judgment form will be held in escrow by FNAC's counsel set forth in Paragraph 15 below, unless, and until, there is an uncured breach of a material term or condition of this Agreement.  In the event of any uncured (as set forth in Paragraph 14 below) breach of any material term or condition of this Agreement, FNAC shall be entitled to seek recovery for all future attorneys' fees and costs and investigators' fees and costs incurred (i) as a result of BFG's uncured breach, and/or (ii) enforcing any term or condition of this Agreement.  For the sake of clarity, any payment of liquidated damages shall not obviate BFG's obligations to abide by the terms of this Agreement, which shall remain in full force and effect, and, notwithstanding any terms or conditions of this Agreement, FNAC shall have the right to pursue all its equitable and legal remedies arising from or relating to any material breach of this Agreement or any future infringement or other actionable wrongdoing by BFG.

    12. With the exception of (i) the Parties' respective obligations arising from this Agreement; (ii) any violation of this Agreement and/or the attached, executed Consent Judgment form attached hereto as Exhibit A, and (iii) all rights, claims and remedies reserved in this Agreement and the attached, executed Consent Judgment form attached hereto as Exhibit A, FNAC and BFG, on behalf of itself and its respective owners, shareholders, officers, directors, any companies or entities now or hereafter owned by Albert Houllou, employees, members, partners, affiliates, parents, and subsidiaries, hereby discharge and release each other and their respective owners, shareholders, officers, directors, employees, members, partners, affiliates, parents, and subsidiaries, from the claims and causes of action that were set forth in the Amended Complaint filed in the Action and the obligations and liabilities arising therefrom and existing prior to the Effective Date of this Agreement.  This release shall not, in any way, deprive

or relieve the Parties of their rights and/or obligations under this Agreement, including their rights to (i) enforce this Agreement and (ii) assert any rights, claims and remedies described herein.

13.     Within two (2) business days of the Effective Date of this Agreement, the Parties' counsel will sign and file with the United States District Court for the Eastern District of New York the Agreed Motion to Voluntarily Dismiss With Prejudice, in the form attached hereto as Exhibit B, dismissing the Action with prejudice as against BFG, and with the Court retaining jurisdiction over the Parties to enforce the terms of this Agreement.  No Party shall take any action to oppose the Court's entry of dismissal of the Action.  The Parties shall take all further reasonable steps as necessary to facilitate the execution and entry of the dismissal of the Action prior to the commencement of a trial.

14.     Each Party shall give the other Party twenty (20) days' prior notice of any claimed breach of this Agreement before commencing any action or proceeding in connection with such claimed breach (including but not limited to the filing of the Consent Judgment form attached hereto as Exhibit A), and the Party receiving such notice shall have such twenty (20) day notice period in which to cure the alleged breach and to so notify the Party giving notice or to respond why no such breach has occurred.

15.     Notice contemplated by this Agreement shall be in writing and sent to the addresses for each Party as identified above, with a copy to their respective counsel as set forth below:

For FNAC:     Robert L. Maier, Esq.
              Baker Botts LLP
              30 Rockefeller Plaza, 45th Floor
              New York, New York 10112
              Email: Robert.maier@bakerbotts.com

For BFG:        Ronald D. Coleman, Esq.
                Mandelbaum Salsburg
                3 Becker Farm Road, Suite 105
                Roseland, New Jersey 07068
                Email: rcoleman@lawfirm.ms

Such notice shall be dispatched by commercially recognized overnight courier services such as Federal Express, with confirmation of delivery, and, with respect to counsel, shall also be sent via email.  Any notice of change of address, or counsel to be notified, shall be dispatched in the same manner.

16.     All Parties shall bear their own costs and attorney's fees except as otherwise provided in this Agreement.

17.     This Agreement is unique to the circumstances between the Parties hereto and accordingly this Agreement shall not be deemed to limit or preclude the rights or defenses of any Party hereto as against third parties or constitute an admission with respect to third parties.

18.     The District Court for the Eastern District of New York retains jurisdiction over this Agreement in its entirety, the Parties hereto, the attached, executed Consent Judgment form attached hereto as Exhibit A and any action in connection with the enforcement of the Agreement.

19.     This Agreement may be executed by the Parties and their respective counsel in any number of counterparts, each of which when executed and delivered shall be an original, and all such counterparts shall constitute one and same Agreement.

*[remainder of page left intentionally blank]*

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed by their duly authorized representatives as of the dates set forth below.

FUJIFILM NORTH AMERICA
CORPORATION

By: _____

Name: _____

Title: _____

Date: _____

F&E TRADING LLC

By: _____

Name: __Albert Houllou_____

Title: __CEO_____

Date: __October 15, 2108_____

BIG VALUE INC.

By: _____

Name: __Albert Hollou_____

Title: __CEO_____

Date: __October 15, 2018_____

GADGET CIRCUIT LLC

By: _____

Name: __Albert Houllou_____

Title: __CEO_____

Date: __October 15, 2018_____

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed by their duly authorized representatives as of the dates set forth below.

FUJIFILM NORTH AMERICA CORPORATION

By: _M. _____

Name: _Manuel Almeida_____

Title: _Division President____

Date: ___10/16/18_____

F&E TRADING LLC

By: _____

Name: _____

Title: _____

Date: _____

BIG VALUE INC.

By: _____

Name: _____

Title: _____

Date: _____

GADGET CIRCUIT LLC

By: _____

Name: _____

Title: _____

Date: _____

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| | § | |
| FUJIFILM NORTH AMERICA | § | |
| CORPORATION | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | No. 1:16-cv-05677 (BMC) |
| | § | |
| ABESONS CORP, | § | |
| AVIS SALES CORP., | § | |
| BIG VALUE INC., | § | ECF Case |
| EPICESOLUTIONS, | § | |
| F&E TRADING LLC, | § | |
| GADGET CIRCUIT LLC, | § | |
| GELESHMALL ENTERPRISES LLC | § | |
| (d/b/a INTERNATIONAL SUPPLIES, | § | |
| ORIENTAL PHOTO USA), | § | |
| GET IT DIGITAL LLC, | § | |
| GOLDEX LIMITED | § | |
| (d/b/aTHECAMERABOX.COM), | § | |
| LE RELIABLE TRADING, | § | |
| MAX TRADING, | § | |
| OJ BASICS, | § | |
| SOCH GLOBAL INC., | § | |
| TRI-STATE CAMERA EXCH. INC., | § | |
| XYZ COMPANY NOS. 1-25 | § | |
| and JOHN/JANE DOES 1-25 | § | |
| Defendants. | § | |

_____§

**CONSENT JUDGMENT AGAINST DEFENDANTS BIG VALUE INC., F&E TRADING
LLC, AND GADGET CIRCUIT LLC**

Plaintiff FUJIFILM North America Corporation ("FNAC"), having filed a

Complaint in Civil Action No. 1:16-cv-05677 against Big Value Inc., F&E Trading LLC, and

Gadget Circuit LLC (collectively "BFG") and other defendants (the "Action"), under the United

States Lanham Act, 15 U.S.C.§§ 1051 et seq. (as amended) and New York common law, and

FNAC and BFG wishing to amicably settle this dispute between them and release the claims asserted in the Action upon the terms and conditions set forth below and in the Settlement Agreement entered into by the Parties as of October 16, 2018 (the "Agreement"), hereby consent to the entry of judgment in favor of FNAC and against BFG as follows:

1.      This Court has personal jurisdiction over BFG and subject matter jurisdiction over this action.

2.      BFG acknowledges that (a) FNAC, an indirect wholly-owned subsidiary of FUJIFILM Corporation, is the sole entity licensed by FUJIFILM Corporation to import into the United States, inter alia, digital imaging and instant camera products bearing the federally-registered "Fujifilm" and "Instax" marks and/or logos (hereinafter the "Fujifilm Marks"); (b) FNAC possesses a broad license from FUJIFILM Corporation, the owner of the Fujifilm Marks, to use and administer the Fujifilm Marks in the United States and to market and sell high-quality Fujifilm and Instax products in this country; and (c) FNAC is authorized to prevent the unlawful use, exploitation and/or infringement of the Fujifilm Marks in the United States.

3.      BFG has marketed, advertised, promoted, offered for sale and/or sold in the United States products bearing the Fujifilm Marks that are intended for sale only outside of the United States.

4.      Upon the conditions precedent occurring set forth in the Agreement, BFG, its now or hereafter principals, owners, officers, directors, any companies or entities now or hereafter owned by Albert Houllou, agents, members, employees, representatives, servants, parents, subsidiaries, affiliates, partners, successors, heirs, executors, and assigns, or any one acting in concert or participation with them, are immediately and permanently enjoined and restrained from importing, marketing, distributing, buying, offering for sale, selling and/or

promoting Fujifilm-branded or Instax-branded products, including but not limited to cameras and film, that:

- Lack Fujifilm warranties which are effective and enforceable in the United States;

- Include packaging identifying the products as targeted to foreign markets;

- Include packaging lacking informational disclaimers and other information intended for United States consumers;

- Lack UPC and other codes identifying the products as intended for sale in the United States; and/or

- Include accessories which are not intended, optimized, or certified for safe use in the United States.

(hereinafter "Gray Market Products").

5.     BFG agrees that it and its now or hereafter parents, subsidiaries, affiliates, shareholders, members, principals, owners, directors, any companies or entities now or hereafter owned by Albert Houllou,  employees, officers, agents, successors, and assigns, all those acting in concert or participation with any such parties (including without limitation any consultants, contractors or service providers acting at the direction of any such parties) shall source all Fujifilm-branded and/or Instax-branded products, including but not limited to cameras and film, from FNAC and/or one of its authorized distributors, or as otherwise expressly permitted by FNAC.

6.     BFG shall (i) within ten (10) days from the entry of this Consent Judgment, at its own expense, turn over and ship, and deliver up to FNAC, all Gray Market Products, if any exist, including without limitation all labels, product packaging, inserts,

advertisements, wrappers, and receptacles related thereto, in its possession and/or in the possession of any parent, subsidiary and/or affiliate companies, and their agents and service providers (including without limitation any third party storage facilities or warehouses), and (ii) within thirty (30) days after entry of this Consent Judgment, in accordance with 15 U.S.C. § 1116, file with this Court and serve upon FNAC a report in writing under oath, setting forth in detail the manner and form in which it has complied with the injunction.  To the extent that BFG or any parent, subsidiary and/or affiliate companies has any open orders, shipments, or imports of Gray Market Products, said open orders shall be immediately cancelled; if any ordered Gray Market Products reach the United States, BFG or any parent, subsidiary and/or affiliate companies shall, within thirty days (30) from entry of this Consent Judgment or immediately upon receipt, whichever is later, at its own expense, deliver up to FNAC all such Gray Market Products.

7.      This Consent Judgment is intended to limit the future actions of BFG, its now or hereafter principals, owners, officers, directors, any companies or entities now or hereafter owned by Albert Houllou, agents, members, employees, representatives, servants, parents, subsidiaries, affiliates, partners, successors, heirs, executors, and assigns, or any one acting in concert or participation with them either alone or in conjunction with others.  This Consent Judgment is not intended to and shall not make BFG liable for or responsible for the acts of wholly unrelated third parties who are not acting as its agents, servants, employees or representatives at the time of any conduct prohibited by this Consent Judgment.

8.      In the event of any violation of any material term or condition of this Consent Judgment after the entry of this Consent Judgment, FNAC shall recover $250,000 in liquidated damages for past harm and shall have the right to pursue its complete legal remedies for contempt of this Consent Judgment and for any future infringement, unfair competition or

4

other wrongdoing, including, but not limited to, an injunction, damages, profits, punitive damages, statutory damages, attorneys' fees and costs.  Should BFG, its now or hereafter principals, owners, officers, directors, any companies or entities now or hereafter owned by Albert Houllou, agents, members, employees, representatives, servants, parents, subsidiaries, affiliates, partners, successors, heirs, executors, and assigns, or any one acting in concert or participation with them either alone or in conjunction with others, violate any material term or condition of this Consent Judgment, FNAC expressly reserves the right to petition the Court for an Order of Contempt and to seek recovery of all attorneys' fees and costs and investigators' fees and costs incurred (i) as a result of any such violation of this Consent Judgment, and/or (ii) enforcing any term or condition of this Consent Judgment.  For the sake of clarity, any payment of liquidated damages shall not obviate BFG's obligations to abide by the terms of this Consent Judgment, which shall remain in full force and effect, and, notwithstanding any terms or conditions of this Consent Judgment, FNAC shall have the right to pursue all its equitable and legal remedies arising from or relating to any violation of this Consent Judgment or any future infringement or other wrongdoing by BFG, its now or hereafter principals, owners, officers, directors, any companies or entities now or hereafter owned by Albert Houllou, agents, members, employees, representatives, servants, parents, subsidiaries, affiliates, partners, successors, heirs, executors, and assigns, or any one acting in concert or participation with them either alone or in conjunction with others.

9.     All parties are to bear their own costs and attorney's fees except as otherwise provided in this Consent Judgment.

10.     This Consent Judgment is unique to the circumstances between the Parties hereto and accordingly this Consent Judgment shall not be deemed to limit or preclude the rights

or defenses of any Party hereto as against third parties or constitute an admission with respect to third parties.

        11.    This Court retains jurisdiction over this Consent Judgment in its entirety, the Parties hereto, and any action in connection with the enforcement of the Consent Judgment.

        12.    This Consent Judgment may be executed by the Parties and their respective counsel in any number of counterparts, each of which when executed and delivered shall be an original, and all such counterparts shall constitute one and same Consent Judgment.

*[remainder of page intentionally left blank]*

**HAVING SEEN, AND REVIEWED AND HAVING STIPULATED AND AGREED TO THE CONSENT JUDGMENT:**

FUJIFILM NORTH AMERICA
CORPORATION

By: _____

Robert L. Maier (E.D.N.Y. Bar No. RM2930)
robert.maier@bakerbotts.com
Suzanne M. Hengl (E.D.N.Y. Bar No.
SH3915)
suzanne.hengl@bakerbotts.com
Julie Beth Albert (E.D.N.Y. Bar No. JA0928)
julie.albert@bakerbotts.com
Peter L. Menchini (E.D.N.Y. Bar No.
PM5503)
peter.menchini@bakerbotts.com

BAKER BOTTS LLP
30 Rockefeller Plaza, 44th Floor
New York, NY 10112
Phone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Plaintiff FUJIFILM North
America Corporation*

BIG VALUE INC., F&E TRADING LLC,
AND GADGET CIRCUIT LLC

By: _____

Ronald D. Coleman
rcoleman@lawfirm.ms
Arla D. Cahill
acahill@lawfirm.ms

MANDELBAUM SALSBURG, P.C.
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Tel: 973.736.4600

*Attorneys for Defendants Big Value Inc., F&E
Trading LLC, and Gadget Circuit LLC*

SO ORDERED this ___ day of _____, _____.

_____
Honorable Brian M. Cogan
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____

|                                                    |   |                          |
|----------------------------------------------------|---|--------------------------|
|                                                    | § |                          |
|                                                    | § |                          |
|                                                    | § |                          |
| FUJIFILM NORTH AMERICA                             | § |                          |
| CORPORATION                                        | § |                          |
|                    Plaintiff,                      | § |                          |
|            v.                                      | § |                          |
|                                                    | § | No. 1:16-cv-05677 (BMC)  |
|                                                    | § |                          |
| ABESONS CORP,                                      | § |                          |
| AVIS SALES CORP.,                                  | § |                          |
| BIG VALUE INC.,                                    | § | ECF Case                 |
| EPICESOLUTIONS,                                    | § |                          |
| F&E TRADING LLC,                                   | § |                          |
| GADGET CIRCUIT LLC,                                | § |                          |
| GELESHMALL ENTERPRISES LLC                         | § |                          |
| (d/b/a INTERNATIONAL SUPPLIES,                     | § |                          |
| ORIENTAL PHOTO USA),                               | § |                          |
| GET IT DIGITAL LLC,                                | § |                          |
| GOLDEX LIMITED                                     | § |                          |
| (d/b/aTHECAMERABOX.COM),                           | § |                          |
| LE RELIABLE TRADING,                               | § |                          |
| MAX TRADING,                                       | § |                          |
| OJ BASICS,                                         | § |                          |
| SOCH GLOBAL INC.,                                  | § |                          |
| TRI-STATE CAMERA EXCH. INC.,                       | § |                          |
| XYZ COMPANY NOS. 1-25                              | § |                          |
| and JOHN/JANE DOES 1-25                            | § |                          |
|                    Defendants.                     | § |                          |
| _____                  | § |                          |

## AGREED MOTION TO VOLUNTARILY DISMISS WITH PREJUDICE

Pursuant to Fed. R. Civ. P 41(a)(2), Plaintiff FUJIFILM North America Corporation ("FNAC" or "Plaintiff") and Defendants Big Value Inc., F&E Trading LLC, and Gadget Circuit LLC (collectively "BFG" or "Defendants", and together with FNAC, the "Parties") hereby submit this agreed Motion to Dismiss, with prejudice, all claims by FNAC against BFG in the above-captioned case, and request that the Court retain jurisdiction to enforce the Settlement Agreement entered into by FNAC and BFG attached hereto as Exhibit 1 ("Agreement").

The Parties have agreed to settle the dispute among them pursuant to the terms set forth in the Agreement.  In the event of a breach of that Agreement, the Parties have agreed that a Consent Judgment may be filed in this case, under the terms and conditions set forth in the Agreement.  Accordingly, by this Motion, the Parties request that this Court retain jurisdiction over the parties to enforce the Agreement, including, if appropriate, the filing of the Consent Judgment at a later time and to execute on that Consent Judgment, if necessary.

Based on the foregoing, the Parties respectfully request that all claims by FNAC against BFG in the above-referenced case be dismissed with prejudice and without costs or attorneys' fees, and that the Court enter the Proposed Order of Dismissal attached hereto as Exhibit "2."

*[remainder of page left intentionally blank]*

Dated: October $\underline{16}$, 2018

FUJIFILM NORTH AMERICA CORPORATION

By: _____

Robert L. Maier (E.D.N.Y. Bar No. RM2930)
robert.maier@bakerbotts.com
Suzanne M. Hengl (E.D.N.Y. Bar No. SH3915)
suzanne.hengl@bakerbotts.com
Julie Beth Albert (E.D.N.Y. Bar No. JA0928)
julie.albert@bakerbotts.com
Peter L. Menchini (E.D.N.Y. Bar No. PM5503)
peter.menchini@bakerbotts.com

BAKER BOTTS LLP
30 Rockefeller Plaza, 44th Floor
New York, NY 10112
Phone: (212) 408-2500
Fax: (212) 408-2501

*Attorneys for Plaintiff FUJIFILM North America Corporation*

BIG VALUE INC., F&E TRADING LLC, AND GADGET CIRCUIT LLC

By: _____

Ronald D. Coleman
rcoleman@lawfirm.ms
Arla D. Cahill
acahill@lawfirm.ms

MANDELBAUM SALSBURG, P.C.
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Tel: 973.736.4600

*Attorneys for Defendants Big Value Inc., F&E Trading LLC, and Gadget Circuit LLC*

3